ISSUED: 8-2-16

Richard A. Hearn, Esq., ISB #5574
T. Jason Wood, Esq., ISB #5016
HEARN & WOOD, LLP
1906 Jennie Lee Dr.
Idaho Falls, ID 83404
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: rick@hwlawpro.com
Email: jason@hwlawpro.com

Attorneys for Plaintiffs

**ROBERT J. ELGEE**

IN THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO

IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| CHRISTOPHER E. JOHNSON, for himself and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CACH, LLC, and MANDARICH LAW GROUP, LLP,<br><br>Defendants. | Case No. CV-2016-385<br><br>SUMMONS |

NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF. THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. **READ THE INFORMATION BELOW.**

**TO:  MANDARICH LAW GROUP, LLP**

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 20 days after service of this Summons on you. If you fail to so respond the Court may enter judgment against you as demanded by the

1 -    SUMMONS

COPY

Plaintiff in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this 2 day of August, 2016.

                 JoLynn Drage
                 Clerk of the Court

By: _____
      Deputy

2 -   SUMMONS

Richard A. Hearn, Esq., ISB #5574
T. Jason Wood, Esq., ISB #5016
HEARN & WOOD, LLP
1906 Jennie Lee Dr.
Idaho Falls, ID 83404
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: rick@hwlawpro.com
Email: jason@hwlawpro.com

Attorneys for Plaintiffs



ROBERT J. ELGEE

IN THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO

IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| CHRISTOPHER E. JOHNSON, for himself and on behalf of all others similarly situated, | Case No. CV-2016-385 |
| Plaintiffs, | |
| v. | COMPLAINT FOR CLASS ACTION AND DEMAND FOR JURY TRIAL |
| CACH, LLC, and MANDARICH LAW GROUP, LLP, | |
| Defendants. | |

PLAINTIFF CHRISTOPHER E. JOHNSON, for himself and all other members of the Class described below, for cause of action against the above-named defendants, allege as follows:

COPY

## I.

## JURISDICTION, VENUE, AND PARTIES

1. This case arises under the Fair Debt Collection Practices Act (FDCPA), § 803(6), 15 U.S.C.A. § 1692, *et seq.*, the North Carolina Debt Collection Act (NCDCA), N.C. Gen.Stat. § 75-50, *et seq.*, and the common law of the United States, Delaware, and North Carolina.

2. The amount of damages claimed herein exceeds $10,000, exclusive of interest, costs.

3. Mr. Johnson, and each and every Class member, reside in Idaho, and at all times material hereto were "consumers" within the meaning of NCDCA.

4. Defendant CACH, LLC ("Cach"), at all times material hereto was and is a limited liability company and debt-collector within the meaning of FDCPA and NCDCA, organized under the laws of the State of Colorado and doing business in Idaho, among other states.

5. CACH is a "junk debt buyer," a term used to describe a company that purchases delinquent debts from a creditor for a fraction of the face value of the debt.

6. Defendant Mandarich Law Group, LLP ("Mandarich"), at all times material hereto was and is a limited liability law partnership which regularly collects debt through litigation and therefore a debt-collector within the meaning of FDCPA and NCDCA, organized under the laws of the State of California, and licensed practice and actually practicing law in Idaho.

7. Neither of the defendants reside in Idaho within the meaning of Idaho Code § 5-404.

8. The defendants' actions alleged herein occurred in Idaho and were knowingly and intentionally directed at the Plaintiffs in Idaho. Idaho therefore has personal jurisdiction over the defendants pursuant to Idaho Code § 5-514 consistently with the Due Process Clause of the United States Constitution.

9. Venue is proper pursuant to Idaho Code § 5-404.

## II.

## CLASS ACTION ALLEGATIONS

10. This action is brought by Mr. Johnson as a class action, on his own behalf and on behalf of all others similarly situated, under the provisions of Rule 23 of the Idaho Rules of Civil Procedure, for damages, punitive damages, injunctive and declaratory relief, as well as interest, costs and attorney fees.

11. The Class so represented by Mr. Johnson in this action, and of which he is himself a member, consists of persons against whom the defendants filed and/or threatened to file time-barred lawsuits for collection of debt, in violation of the FDCPA, and applicable state statutory and common law.

12. The exact number of members of the class identified above is not known, but are believed, based on investigation and information, to be so numerous that joinder of individual members in this action is impracticable.

13. There are common questions of law and fact involved in this action that affect the rights of each member of the Class and the relief sought is common to the entire Class, as follows:

    a. The Class members each incurred and defaulted on credit card and/or other debt pursuant to a written agreement, drafted by the defendants' assinor(s), which contained a choice-of-law provision requiring application of a 3-year statute of limitations for legal action to collect the debt;

    b. The defendants purchased such debt for a substantial discount due to its delinquency and age.

3 - COMPLAINT FOR CLASS ACTION AND DEMAND FOR JURY TRIAL

  c. After the defendants knew or should have known the 3-years statute of limitations had passed, they filed and/or threatened to file a time-barred lawsuit against each Class member, in violation of the FDCPA, and applicable state statutory and common law.

14. The claims of Mr. Johnson, who is the representative of the Class, are typical of the claims of the Class, in that the claims of all members of the Class, including Mr. Johnson, depend on a showing of the acts of omissions of the defendants giving rise to the same right of Mr. Johnson to the relief sought.

13. There is no conflict as between any individual Plaintiff and other members of the Class with respect to this action, nor with respect to the claims for relief set forth in this Complaint.

15. Mr. Johnson is the representative for the Class and is able to, and will, fairly and adequately protect the interests of the Class. The attorneys for Mr. Johnson are experienced and capable in this litigation and have successfully represented claimants in other litigation of similar nature. Of the attorneys designated as counsel for plaintiffs, T. Jason Wood and Richard A. Hearn will actively conduct and be responsible for Plaintiffs' case.

16. This action is properly maintained as a Class action in that:

  a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the defendants, all of whom likely will oppose the Class;

    b.    The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

    c.    The defendants, who likely will oppose the Class, has acted or failed to act, as more specifically alleged below, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the entire Class as a whole, as sought in this action; and

    d.    Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## III.

## CLAIMS FOR RELIEF

17. The material issues of fact and law pertaining to Mr. Johnson, which are typical of the Class and which all Class members share in common, are as follows.

18. On or about June 30, 2008, Mr. Johnson entered a credit card agreement with Bank of America, pursuant to which Defendant charged $8,989.28 for various purchases.

19. Pursuant to Bank of America's credit card agreement with Defendant, "This Agreement is governed by the laws of the State of Delaware (without regard to its conflict of laws principles)."

20. Delaware's statute of limitations on an action to collect on a credit card debt arising from a written agreement was and is three years.

21. Subsequently, Bank of America modified its credit card agreement with some of the other Class members, changing the choice-of-law provision from Delaware to North Carolina, whose applicable statute of limitations also was and is three years.

22. A "final statement" of the balance of the Mr. Johnson's account with Bank of America was posted and sent to Defendant on or about June 30, 2012.

23. Mr. Johnson made no charges on the account after the "final statement."

24. Defendant CACH subsequently purchased, and Bank of America assigned to CACH, the right to collect the aforesaid debt to the plaintiff.

25. Neither Bank of America nor the defendants sent to Mr. Johnson any more statements of the account after the "final statement."

26. After the 3-year statute of limitations expired, CACH sent a letter to Mr. Johnson threatening legal action on the time-barred debt if he did not pay it.

27. Thereafter CACH hired Mandarich to collect the debt through time-barred legal action.

28. On October 7, 2015, the defendants commenced a time-barred lawsuit against Mr. Johnson in Bonneville County, Idaho, to collect the and served process on Mr. Johnson, forcing him to hire an attorney and defend against the lawsuit.

29. After answering the complaint, filing a motion for summary judgment, and incurring substantial attorney fees and costs, the matter was ultimately dismissed.

30. On information and belief, the defendants obtained a default judgment and/or otherwise collected some or all of the from some other Class members after filing, or threatening to file time-barred lawsuits against them to collect the debt.

31. The defendants knew the lawsuits they filed or threatened to file to collect the debts were time-barred, and acted with malice or otherwise with wilful or reckless disregard for Plaintiffs' legal rights in commencing and prosecuting, and/or threatening to commence and prosecute, without probable cause, the time-barred lawsuits.

32. The defendants' misconduct as alleged above constitutes an unfair debt collection practice in violation of FDCPA.

33. The defendants' misconduct as alleged above constitutes unfair threats, coercion or attempts to coerce, fraudulent, deceptive or misleading representations, and/or unconscionable means, in violation of the NCDCA.

34. The defendants' misconduct as alleged above constitutes an abuse of process and malicious prosecution.

35. The defendants' misconduct is otherwise in violation of applicable federal, Delaware, and North Carolina law.

36. CACH is vicariously liable by law for Mandarich's misconduct alleged above.

37. As a direct and proximate result of the defendants' unlawful misconduct, Plaintiffs have suffered actual damages, including but not limited to attorney fees and costs incurred in the

unlawful legal actions, lost wages or income, physical, mental and emotional distress, anguish, embarrassment, and humiliation.

38. Plaintiffs are further entitled to injunctive relief or damages for the return of all amounts the defendants' collected from Plaintiffs after commencing or threatening to commence time-barred legal action against them, plus prejudgment interest.

39. Pursuant to the FDCPA, Plaintiffs are entitled to statutory damages not to exceed $1,000.00 each.

40. Pursuant to the NCDCA, Plaintiffs are entitled to statutory penalties in the minimum amount of $500.00, not to exceed $4,000.00, for each violation thereof.

41. Pursuant to the FDCPA, and applicable state law, Plaintiffs are entitled to an award of their reasonable attorney fees and costs incurred in prosecuting this action.

42. Plaintiffs are entitled to an award of punitive damages pursuant to applicable Delaware and North Carolina law.

43. Plaintiffs are entitled to an award of prejudgment interest on their special damages, from and after the time they were incurred until entry of judgment against the defendants.

WHEREFORE, Plaintiff prays for the judgment, order and decree of this court against the defendants as follows:

1. For the Court's Order certifying the Class and approving Mr. Johnson as a Class representative.

2. For a judicial declaration that the defendants' conduct as alleged herein was in violation of the FDCPA, and other applicable law.

3. For injunctive relief or damages for the return of all amounts the defendants' collected from Plaintiffs after commencing or threatening to commence time-barred legal action against them, plus prejudgment interest.

4. For an award of other actual damages, including but not limited to attorney fees and costs incurred in the unlawful legal action, lost wages or income, physical, mental and emotional distress, anguish, embarrassment, and humiliation.

5. For an award of punitive damages.

6. For an award of prejudgment interest on all special damages, accruing from and after the time they were incurred until entry of judgment against the defendants.

7. For an award of Plaintiff's reasonable attorney fees incurred herein;

8. For costs of suit incurred herein; and

9. For such further relief in Plaintiff's favor as the Court deems just and equitable.

DATED this 24th day of July, 2016.

HEARN & WOOD, LLP

By: _____
T. Jason Wood, Esq.

## JURY DEMAND

Plaintiff hereby demands trial by a jury consisting of no less than twelve (12) of her peers.

DATED this 27th day of July, 2016.

HEARN & WOOD, LLP

By: _____
T. Jason Wood, Esq.

9 - COMPLAINT FOR CLASS ACTION AND DEMAND FOR JURY TRIAL