UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER JOHNSON, for himself and behalf of others all similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CACH, LLC and MANDARICH LAW GROUP, LLP,<br><br>Defendant. | Case No. 1:16-cv-00383-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

The Court has before it a Motion to Dismiss (Dkt. 11) filed by defendants CACH, LLC and Mandarich Law Group, LLP. Alternatively, the Defendants seek to compel arbitration of the dispute. For the reasons discussed below, the Motion is granted in part, and the Court will order arbitration for all claims and parties.

MEMORANDUM DECISION AND ORDER - 1

Christopher Johnson originally filed this action in Idaho state court for himself and on behalf of all others similarly situated. This case was removed to federal court on August 22, 2016. (Dkt. 1).

On June 30, 2008, Plaintiff entered into a credit card agreement with Bank of America (the "Agreement"). (Dkt. 13 at 3). Bank of America is, according to Plaintiff, a corporation incorporated in the state of Delaware. *Id*. The Agreement contained language stating that the Agreement was entered into in Delaware and that the credit from Bank of America to Plaintiff was extended from Delaware. *Id*. The Agreement also contained a choice of law provision stating that the Agreement was to be governed by the laws of Delaware. *Id*. At the time the Agreement was entered into, Plaintiff resided in Tennessee. *Id*.

Plaintiff ultimately charged $8,989.28 to the Bank of America credit card. *Id*. On June 30, 2012, Bank of America sent Plaintiff a "final statement of the balance." *Id*. No further charges were made after the final statement. *Id*. No payments were made on the credit card after May 3, 2012. *Id*. at 4. It is apparently undisputed that Plaintiff breached the Agreement with Bank of America by "failing to make periodic payments." *Id*.

On July 24, 2012, Bank of America assigned the right to collect Plaintiff's debt to CACH. *Id*. CACH commenced legal action against Plaintiff to collect the debt on October 7, 2015 in Idaho state court. *Id*. The parties settled the original lawsuit, and the case was dismissed. *Id*. at 5.

Plaintiff filed the present action against Defendants alleging general claims for relief. (Dkt. 1-1 at 5). First, Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*, because Defendants allegedly filed the original action outside of the controlling statute of limitations and that the Defendants "acted with malice or otherwise with willful or reckless disregard for Plaintiff's legal rights . . . ." *Id*. at 7. Plaintiff also alleges a violation of the North Carolina Debt Collections Act (the "NCDCA"), N.C. Gen. Stat. §§ 75-50, because proposed class members may have entered into a credit card agreement with Bank of America that contained a choice of law provision for North Carolina and that the alleged conduct was coercive, fraudulent, and misleading under the NCDCA. *Id*. Finally, Plaintiff brings a claim of "malicious prosecution" for prosecuting outside of the Idaho statute of limitations. *Id*.

Defendants argue in the Motion that all claims should be dismissed. (Dkt. 11-1). Alternatively, Defendants request that if the Court declines to grant Defendants' Motion in full that the Court compel arbitration. *Id*. at 10.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual

allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the court need not accept as true, legal conclusions that are couched as factual allegations.  *Id*.  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.  Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief.  *Id. at 679.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery.  *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783,

n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*).[1]  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987).  The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866,

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in Harris v. Amgen, based as it is on language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . .."  Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* it is uncertain whether the language in Harris v. Amgen has much of a life expectancy.

**MEMORANDUM DECISION AND ORDER - 5**

n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Plaintiff argues that the Rule 56 summary judgment standard should apply in this motion. Plaintiffs allege that both parties have submitted "matters outside of the pleadings" but fail to specify which matters exactly were not discussed in the pleadings. (Dkt. 13 at 2). As discussed above, the court may examine documents referred to in the complaint even when those documents are not attached to the complaint without applying the motion for summary judgement standard. The Court can find no matters or documents discussed in the briefing that was not referred to in the Complaint. As such, the Rule 12(b)(6) motion to dismiss standard is the proper standard to apply.

## ANALYSIS

The Court need not look further than the original credit card agreement between Plaintiff and Bank of America to determine that the proper forum for this dispute is in arbitration. The arbitration clause in the Agreement is clearly enforceable against the Plaintiff and may be invoked by both Defendants. As such, the Court will not discuss or rule on the remaining issues in the Motion to Dismiss as they are moot.

Enforcement of an arbitration clause is governed by the Federal Arbitration Act. 9 U.S. C. §§ 1 *et seq*. The Federal Arbitration Act states,

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit

**MEMORANDUM DECISION AND ORDER - 6**

>to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  The Supreme Court noted that the purpose of the FAA is "to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings."  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).  The Supreme Court clearly held that there is a "liberal federal policy favoring arbitration" and a "fundamental principle that arbitration is a matter of contract."  *Id*. at 339 (internal citations omitted).  The Supreme Court requires that "courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms."  *Id*.

Defendants ask the Court to compel arbitration based on the language in the original credit card agreement between Plaintiff and Bank of America.  The Agreement contained an arbitration clause stating: "Any claim or dispute . . . by either you or us against the other or against the . . . **assigns** of the other . . . arising from or relating in any to this Agreement . . . or your account . . . shall . . . be resolved by binding arbitration."  (Dkt. 11-2) (emphasis added).  It continues to define "we" and "us" as used in the arbitration clause as Bank of America, "its parent, subsidiaries, affiliates, licenses, predecessors, successors, **assigns**, and **any purchaser of your account**, and **all of their** officers, directors, employees, **agents** and **assigns** or any and all of them."  *Id*.  (emphasis added).

**MEMORANDUM DECISION AND ORDER - 7**

The language of the Agreement clearly contemplates and predicts a similar fact pattern as the one in this dispute.  All parties are explicitly encompassed by the Agreement, and the claims in this case are related to the Agreement.  Here, there is no dispute that CACH is the assignee of the credit card agreement between Bank of America and the Plaintiff.  (Dkt. 11-3).  In executing the assignment, CACH essentially stepped into Bank of America's shoes and have the right to enforce all rights under the contract.  Further, Plaintiff, as a signatory to the contract, was aware of the clause stating that Bank of America had the right to sell or assign the agreement and that "[t]he person or entity to whom we make any such sale, assignment, or transfer shall be entitled to all of our rights and/or obligations under this Agreement, to the extent sold, assigned or transferred." (Dkt. 11-2).

Plaintiff argues that CACH is a nonsignatory to the credit card agreement and therefore may not invoke the arbitration clause.  Plaintiff also claims that the principle of equitable estoppel prevents CACH from invoking the benefit of the arbitration clause.  Plaintiff's arguments are not persuasive.  The case law Plaintiff relies on addresses a third party to a contract (i.e., a nonsignatory to the contract) attempting to either compel arbitration or to be excluded from arbitration.  Here, Plaintiff is a signatory to the contract, and Plaintiff agreed to be bound by the arbitration clause.  CACH acquired the rights and obligations of a signatory to the contract when CACH was assigned all benefits and rights of the agreement by Bank of America.  Therefore, Plaintiff cannot avoid

arbitration. He is a party to the contract and CACH has a right to compel arbitration as an assign of Bank of America.

In the briefing, neither party addressed the claims against Mandarich Law Group, separately from CACH, and both parties assumed that Mandarich Law Group and CACH should be treated the same for purposes of invoking the arbitration clause. This was a mistake. Mandarich Law Group clearly requires a different analysis than CACH because Mandarich Law Group is not a signatory to the contract. However, the Court is obligated to address the claims against Mandarich Law Group despite the parties' failure to brief this issue. The claims against Mandarich Law Group also will be sent to arbitration. Even though Mandarich Law Group is not a signatory to the contract, the contract expressly encompasses the agents of the assigns.

Idaho has clearly held that the "relationship between an attorney and client is one of agency in which the client is the principal and the attorney is the agent." *Caballero v. Wikse*, 140 Idaho 329, 332, 92 P.3d 1076, 1079 (2004) (internal quotation marks omitted). Mandarich Law Group was an agent of CACH when filing the initial debt collection claim against the Plaintiff. The Agreement clearly states that the agents of the assigns have the same rights under the Agreement as Bank of America would. As such, Mandarich Law Group is entitled to compel arbitration as an agent of CACH. Therefore, the claims against Mandarich Law Group must be heard in arbitration, as Plaintiff is bound by the Agreement he voluntarily entered into.

MEMORANDUM DECISION AND ORDER - 9

Finally, the claims at issue fall within the realm of the arbitration clause. The Agreement contained a broad arbitration clause, subjecting "any claim . . . arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort . . .)" to arbitration. (Dkt. 11-3). In the Ninth Circuit, when a valid arbitration clause uses such broad language, "all doubts are to be resolved in favor of arbitrability." *Simula, Inc. v. Autoliv, Inc*, 175 F.3d 716, 721 (9th Cir. 1999). Further, the Supreme Court has held that statutory claims may be subject to arbitration, "unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).

There is no language in the FDCPA that evidences Congress's intent to prevent arbitration of FDCPA claims. The Court finds that FDCPA claims are arbitrable under the Federal Arbitration Act and are encompassed by the arbitration clause in the Agreement. The remaining claims under North Carolina law and for malicious prosecution are also covered by the arbitration clause as being related to the Agreement because the arbitration clause encompasses tort actions related to the enforcement of the Agreement.

The terms of the contract and the intent of the contracting parties are very clear, and the Court is compelled to send all claims and parties in this dispute to arbitration. As such, the remaining claims discussed in the Motion to Dismiss are deemed moot, and the Court declines to express any opinion on the merits of the claims.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss (Dkt. 11) is **GRANTED in part** and all claims are ordered to arbitration.

DATED: December 16, 2016

B. Lynn Winmill
Chief Judge
United States District Court