UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER E. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CACH, LLC, and MANDARICH LAW GROUP, LLP,<br><br>    Defendants. | Case No. 1:16-cv-00383-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Earlier, Defendants asked the Court to dismiss Johnson's claims or order the case to arbitration. On December 16, 2016 the Court granted the motion in part by ordering all claims to arbitration. Dkt. 27. Since then, Johnson has filed a number of motions, and Defendant CACH, LLC has filed a notice of bankruptcy. Johnson asks the Court to reconsider its order requiring arbitration. The motion originally asked the Court to reconsider its entire decision, but later withdrew the motion as to CACH because of the bankruptcy. Still, Johnson asks that the withdrawal be made without prejudice in case the bankruptcy is dismissed or unsuccessful. In a separate motion, Johnson asks the Court to allow him to amend his Complaint to remove CACH. These motions are somewhat at odds with each other, but the Court believes that Johnson is essentially attempting to move forward with its case against Mandarich, while possibly reserving its claims against CACH pending resolution of the bankruptcy proceeding.

**MEMORANDUM DECISION AND ORDER - 1**

1.  **Bankruptcy**

On March 19, 2017, Defendant CACH filed a petition for Chapter 11 bankruptcy. During informal discussions between the Court's staff and counsel via email, counsel for both sides appeared to agree that the Court may proceed with this case as to the non-debtor party – that the case is only stayed as to CACH. In order to apply an automatic stay outlined in 11 U.S.C. § 362 to a non-debtor party, the bankruptcy court typically must issue an extension of the stay under its jurisdiction. *Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir.2009). The bankruptcy of one defendant does not normally stay the case as to non-debtor defendants absent unusual circumstances. *Totten v. Kellog Brown & Root, LLC,* 152 F.Supp.3d 1243, 1268 (C.D. Cal 2016) (*citing In re Chugach Forest Products, Inc.*), 23 F.3d 241, 246 (9th Cir.1994). Accordingly, the Court will address the pending motions as they apply to the non-debtor defendant Mandarich.

2.  **Motion to Reconsider**

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a

limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D. Cal. 1981) (Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these three categories, it must be denied.

Here, Plaintiff argues that the Court committed clear error. However, the motion essentially just asks the Court to reconsider its earlier decision based on the same arguments Plaintiff initially made. The Court explained its earlier reasoning in detail, and nothing in the motion to reconsider changes the Court's mind. Accordingly, the motion to reconsider will be denied.

3.  **Motion to Amend and Motion for Substitution**

Plaintiff asks the Court to amend the Complaint to remove defendant CACH and any claim brought under North Carolina law. Plaintiff suggests leave should be freely given under Rule 15(a)(2). However, that rule requires that leave be freely given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Here, justice does not so require.

First and foremost, the case is stayed as to defendant CACH. Thus, pursuant to 11 U.S.C. § 362, the Court cannot address the motion if it affects CACH. Second, the Court has already ordered all claims to arbitration in a detailed Order. Dkt. 27. Moreover, as explained above, the Court will deny the request to reconsider that Order. The Court also notes that Plaintiff attempts to amend the Complaint to remove CACH as a defendant, but with leave to essentially add CACH back to the case depending on the outcome of the bankruptcy. This creates a moving target and may lead to serious judicial inefficiencies. Under these circumstances, justice requires that the Court not amend the Complaint to remove CACH at this point. Accordingly, the Court will deny the motion to amend.

Regarding the motion to substitute, Plaintiff asks to substitute the Estate of Johnson for Johnson as the plaintiff because Johnson recently passed away. The parties go back and forth on whether the substitution is proper given the class action allegations in the Complaint. But class action certification is not before the Court at this point, and it has no bearing on the motion to substitute. Although the case was pled as a class action, no class has been certified, no motion to certify has been filed, and the case has been ordered to arbitration. Thus, nothing stands in the way of substituting the Estate of

Johnson for Plaintiff Johnson, or the case proceeding to arbitration as ordered by the Court. Accordingly, the motion will be granted.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to Amend Complaint (Dkt. 28) is **DENIED**.

2. Plaintiff's Motion for Substitution (Dkt. 29) is **GRANTED**.

3. Plaintiff's Motion for Reconsideration (Dkt. 31) is **DENIED**.

4. Plaintiff's Amended Motion for Reconsideration (Dkt. 31) is **DENIED**.

5. Plaintiff's motions to strike (Dkts. 40 & 47) are **DEEMED MOOT**. These motions relate to the briefing on the Motion for Reconsideration. However, the motion was without merit as it asked the Court to reconsider the same arguments. Accordingly, the court did not need to review additional briefing on the Motion for Reconsideration, and the motions to strike are moot.

DATED: September 25, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court