UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER E. JOHNSON,<br><br>                Plaintiff,<br><br>   v.<br><br>CACH, LLC, and MANDARICH LAW GROUP, LLP,<br><br>                Defendants. | Case No. 1:16-cv-00383-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Plaintiff's Motion to Reopen Case or, Alternatively, for Appointment of Arbitrators (Dkt. 50). Additionally, Plaintiff has filed a Motion to Strike Defendant's Response (Dkt. 53). For the reasons discussed below, the Motion to Reopen is denied, and the Motion to Strike is deemed moot.

**BACKGROUND**

On December 16, 2016, the Court granted Defendant's Motion to Dismiss by ordering all claims to arbitration. (Dkt. 27). The Order enforced the underlying contractual agreement between Johnson and Bank of America, which contained a provision stating: "The arbitration shall be conducted by the National Arbitration Forum ('NAF'). . . . If the NAF is unable or unwilling to act as arbitrator, we may substitute another nationally recognized, independent arbitration organization that uses a similar

code of procedure." (Dkt. 11-2). On September 25, 2017, the Court denied Johnson's motion for reconsideration. Subsequently, Johnson filed his claim for arbitration with the NAF before learning that the forum no longer arbitrates claims involving private individuals or consumers. (Dkt. 50-1). Johnson now offers the current unavailability of NAF as an expansion to the factual record, and argues that such unavailability entirely voids the arbitration agreement.

## ANALYSIS

The Court has "distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) the need to correct a clear error or to prevent manifest injustice." Gray v. Carlin, 2015 WL 75263, at *2 (D. Idaho Jan. 6, 2015). Johnson challenges the Court's order on ground two.

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The purpose of the FAA is to "reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24 (1991). To that end, the FAA divests the district court of its discretion and requires it to resolve any doubts in favor of compelling arbitration. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).

The parties no longer dispute the application of the FAA. Rather, Plaintiff contends that the unavailability of the agreement's designated arbitrator dooms the arbitration clause in its entirety. Under the FAA, the answer to this question turns on whether the selected arbitrator is integral to the agreement. *Reddam v. KPMG LLP*, 457 F.3d 1054, 1061 (9th Cir.2006) *overruled on other grounds* in *Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 940 (9th Cir.2010). Section 5 of the FAA provides:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

Where the arbitration clause selects merely the rules of a specific arbitral forum, as opposed to the forum itself, and another arbitral forum could apply those rules, the unavailability of the implicitly intended arbitral forum will not require the court to condemn the arbitration clause. *Reddam,* 457 F.3d at 1059-61.

While the Ninth Circuit has not explicitly defined what establishes a chosen arbitral forum as "integral" within a contract, it suggested that the "integral forum" determination should be approached similarly to how it approaches forum selection clauses which choose a particular court as the litigation arena. *Id*. There, selection of a specific forum is not treated as exclusive of all other forums unless the parties have expressly stated it so. *Id*. at 1061 (citing *Pelleport investors, Inc. v. Budco Quality*

*Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir.1984); *N. Cal. Dist. Council of Laborers v. Pittsburgh–Des Moines Steel Co.*, 69 F.3d 1034, 1036–37 (9th Cir.1995); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76–78 (9th Cir.1987)). Thus, the Ninth Circuit has strongly implied that, at a minimum, for the selection of an arbitrator to be deemed integral, the arbitration clause must include an "express statement" clearly indicating that the selection of the arbitral forum is mandatory and exclusive, rather than permissive. *Id.*

Applying *Reddam*, the Washington district court in *Carideo v. Dell, Inc.* found that the parties' selection of the National Arbitration Forum ("NAF") was expressly stated as the exclusive forum and, thus, integral to the arbitration agreement. *Carideo,* 2009 WL 3485933, at *5–6 (W.D.Wash. Oct. 26, 2009). The arbitration clause there provided that the parties' claims "[s]hall be resolved *exclusively* and finally by binding arbitration administered by the National Arbitration Forum (NAF) under its code of procedure…" *Id.* at *6, fn. 2 (emphasis added). Thus, the agreement clearly and unequivocally limited its selection of arbitral forum to NAF while simultaneously excluding all other arbitral forums from acting in place of NAF.

In contrast, the *Selby v. Deutsche Bank Trust Co. Americas* court found that, although the agreement expressly stated the NAF as the selected forum for arbitration, there was no evidence suggesting the designation of NAF as exclusive. 2013 WL 1315841 at *11 (S.D.Cal. Mar. 28, 2013). The court noted that while the language of the agreement did state that arbitration "shall . . . be conducted by the [NAF]," and that "all aspects of any arbitration . . . shall be conducted under the NAF Code of Procedure," the

agreement nonetheless did not include language that designated the NAF as the "exclusive or sole forum for arbitration." *Id*. Similarly, a Michigan district court held that the NAF's unavailability to arbitrate the case did not render the agreement unenforceable as there was no evidence that the choice of the NAF as a forum was "as important a consideration as the agreement to arbitrate itself." *Adler v. Dell Inc.*, 2009 WL 4580739, at *3 (E.D. Mich. 2009).

As previously noted, Johnson's argument hinges upon the unavailability of the NAF as the agreement's chosen arbitrator. Johnson relies heavily upon *Carideo* in asking the Court to find that the NAF was designated as the exclusive arbitral forum and thus integral to the agreement. However, unlike the arbitration clause in *Carideo* which stated that disputes would be resolved "*exclusively*" by the NAF, the arbitration clause at issue here lacks an express statement denoting exclusivity. On the contrary, the agreement clearly contemplates a scenario in which the NAF is unavailable and specifically provides that arbitration may occur through another nationally recognized forum. This compels the conclusion that the agreement's choice of the NAF was permissive, rather than expressly exclusive.

Because the language of the agreement not only contemplates the use of arbitral forums other than the NAF but also provides guidance for doing so, the Court will neither reopen its order nor appoint an arbitrator. Accordingly, Johnson's motion will be denied in full.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Reopen Case or, Alternatively, for Appointment of Arbitrators (Dkt. 50) is **DENIED.**

2. Plaintiff's Motion to Strike (Dkt. 53) is **DEEMED MOOT.** This motion relates the briefing on the Motion to Reopen. However, the Court did not need to review attachments to the briefing on the Motion to Reopen in arriving at its decision and the motion to strike is therefore moot.

DATED: February 9, 2018

B. Lynn Winmill
Chief U.S. District Court Judge